UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CHRISTOPHER CHIERCHIO, JASON KURLAND, FRANGESCO RUSSO, and FRANCIS SMOOKLER,

Defendants.

MEMORANDUM & ORDER
20-CR-306 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Christopher Chierchio's request that this case be reassigned, in accordance with this District's Local Rule 50.3.2, because he claims it is "presumptively related" to a case pending before Judge Cogan, *United States v. Gregory Altieri*, 20-cr-249 (BMC). (Chierchio Letter Request to Relate and Reassign ("Request") (Dkt. 40).) The court has reviewed the Request and the Government's opposition (Gov't Letter in Opp. to Request to Relate ("Opp.") (Dkt. 41)), and consulted with Judge Cogan. Mr. Chierchio's request is DENIED.

Defendants Chierchio, Kurland, Russo, and Smookler were charged in a 21-count indictment with money laundering and wire fraud offenses, and conspiracy to do the same. (Indictment (Dkt. 1).) Defendant Kurland was additionally charged with honest services fraud. (*Id.* at ¶ 3.) Defendants Russo and Smookler were also charged with extortionate extension and collection of credit, and conspiracy to do the same. (*Id.* ¶¶ 6-9.) All of the charges stem from two related schemes, as alleged by the Government. In the first, Mr. Kurland—an attorney who specializes in representing lottery winners and helping them manage their winnings—defrauded his clients by steering their money to entities controlled by Mr. Chierchio, Mr. Russo, and Mr. Smookler. In turn, his co-defendants siphoned portions of the money for

1

their personal use and paid Mr. Kurland kickbacks for bringing his clients to them. (Opp. at 2.) In the second scheme, Mr. Russo and Mr. Smookler extended a loan of $250,000 under usurious terms to Gregory Altieri, and then resorted to violent threats in an attempt to recover it. (*Id.*) Some of the money taken from Mr. Kurland's clients in the first scheme was also invested in entities controlled by Mr. Altieri. (*Id.*) In July 2020, Mr. Altieri was indicted for wire fraud. (*See United States v. Altieri*, 20-cr-249 (BMC), Indictment (Dkt. 1).) The Government alleges that from 2017 until 2019, he persuaded more than 80 individuals and entities to invest in a fund that he claimed bought and sold jewelry in bulk. (*Id.* ¶ 2.) Instead, Mr. Altieri allegedly operated the fund as a Ponzi scheme, using investor money to pay other investors. (*Id.* ¶¶ 5-6.)

Under Local Rule 50.3.2(b)(1) of the Eastern District of New York, two criminal cases are presumptively related "when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." However, "[t]he presumption shall be overcome upon a determination by the relevant judges that reassignment would not achieve a significant savings of judicial resources or serve the interests of justice." Local R. 50.3.2(b)(2). The relation rule exists only for the purposes of "the internal management of the case load of the court." Local R. 50.3.2(a)(4). Although a defendant may request to reassign a case to a judge handling a prior, related case, "Rule 50.3 and the other Local Rules . . . do not create any enforceable due process rights for defendants whose cases are subjected to the relation rule." *United States v. Agate*, No. 08-CR-76 (NGG), 2008 WL 699513, at *1 (E.D.N.Y. Mar. 13, 2008).

The court, in consultation with Judge Cogan, does not find that the two cases are related such that reassigning the instant case would serve the interests of judicial efficiency or of justice. At the

heart of this case are allegations that Mr. Kurland and his co-defendants fraudulently took money from his clients and used it for their own gain. Although some portion of that money was apparently invested with Mr. Altieri, that fact is tangential to the criminal conduct that the Government intends to prove. (*See* Opp. at 2.) Similarly, while the Government alleges that Mr. Russo and Mr. Smookler extorted Mr. Altieri in the course of extending and collecting credit, that alleged criminal activity is independent of Aliteri's alleged operation of an illegal Ponzi scheme. Although some facts could prove relevant to both matters, the cases arise from separate and distinct criminal schemes. Therefore, the request to treat the cases as related and to reassign the case to Judge Cogan is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         September 14, 2020

 /s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge