GERALD J. MCMAHON
ATTORNEY AT LAW
375 GREENWICH STREET
NEW YORK, NEW YORK 10013

(212) 965-4259
(908) 347-4670
gm@geraldjmcmahon.com (E-MAIL)

WEBSITE
www.geraldjmcmahon.com

September 16, 2020

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Christopher Chierchio, et al.
        20 Cr. 306 (NGG)

Dear Judge Garaufis:

    On August 18, 2019, defendant Christopher Chierchio was released on a $3 million PRB secured by real property with equity in excess of $3.4 million and with additional conditions including, *inter alia*, no contact with co-conspirators, victims or witnesses, surrender of passport, and travel restricted to EDNY and SDNY. The passport has been surrendered to Pretrial Services ("PTS"). Since his release, defendant has been fully compliant with all bail conditions.

    We write seeking a *slight* modification of defendant's bail conditions (adding NDNY to permitted travel area), not as a matter of convenience or comfort, but as a matter of financial necessity. Shortly before his arrest in mid-August, Mr. Chierchio, who is separated from his wife, rented an apartment on the east side of Manhattan. The monthly rent is $11,000. Government Detention Letter, August 18, 2020, ECF No. 9 ("Det. Ltr."), at 18. For many years, Chierchio ran a plumbing company with approximately $30 million in annual revenues and 150-200 employees. And, in the three to four months prior to his arrest, defendant became involved in a business that sold Personal Protective Equipment ("PPE") to, among other customers, the State of California pursuant to a $900 million Purchase Order.

    Partly as a result of the widespread negative publicity attendant to his arrest, Chierchio's businesses suffered devastating financial consequences. The impact has been so severe as to require defendant to surrender his Manhattan apartment and find less expensive lodging elsewhere. Chierchio's estranged wife, who is also a surety on his bond, has kindly

offered to allow him to live – rent free – in the home she owns in Durham, New York. Durham is in Greene County, which is in the Northern District of New York ("NDNY"). Living there full time during the pendency of this case will allow defendant to commute to work in New York City, thereby enabling him to earn money for both living and legal expenses.

Accordingly, defendant Chierchio respectfully requests that the Court modify his bail conditions to add the NDNY as an area that he may travel to and from. All other bail conditions will, of course, remain in effect.

Notably, the government, by Assistant United States Attorney Lindsay K. Gerdes, and PTS, by Officer Robert Long, consent to the granting of this request.

Very truly yours,

Gerald J. McMahon

GJM:dlg
cc: All Counsel
    (By ECF)