**FILED**

**IN CLERK'S OFFICE**

**U.S. District Court E.D.N.Y.**

**06/17/2022**

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   -v.-

CHRISTOPHER CHIERCHIO,

    Defendant.

- - - - - - - - - - - - - - - - -x

**SUPERSEDING INFORMATION**

S3 20 Cr. 306 (NGG)

## COUNT ONE
### (Conspiracy to Commit Wire Fraud and to Engage in Unlawful Monetary Transactions)

The United States Attorney charges:

1. In or about 2020, in the Eastern District of New York and elsewhere, CHRISTOPHER CHIERCHIO, the defendant, and others known and unknown, willfully and knowingly, combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, and unlawful monetary transactions, in violation of Title 18, United States Code, Section 1957.

2. It was a part and an object of the conspiracy that CHRISTOPHER CHIERCHIO, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to

be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, CHIERCHIO, devised and executed a scheme to obtain money and property from one or more of three lottery winners (the "Lottery Victims") for investments in personal protective equipment ("PPE") by means of materially false and fraudulent pretenses, representations, and promises, and, for the purposes of executing such scheme, transmitted and caused to be transmitted wire transfers and wire communications in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

   3. It was further a part and an object of the conspiracy that CHRISTOPHER CHIERCHIO, the defendant, and others known and unknown, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, to wit, CHIERCHIO caused wire transfers, cash transfers, and check transfers of over $10,000 each to be sent to himself and other co-conspirators, knowing that the funds transferred represented the proceeds of the wire fraud scheme alleged in paragraph two of this Information, in violation of Title 18, United States Code, Section 1957.

OVERT ACTS

4.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Eastern District of New York and elsewhere:

    a.  On April 23, 2020, CHRISTOPHER CHIERCHIO received approximately $15,500,000 in a bank account located in the Eastern District of New York, which was obtained from a Lottery Victim and was intended to be invested in the purchase of PPE. Instead, the next day, CHIERCHIO transferred, among other amounts, approximately $68,000 of the Lottery Victim's funds to an account controlled by CHIERCHIO, and used the stolen funds for construction-related purposes.

    b.  On or about June 29, 2020, CHIERCHIO caused approximately $1,000,000 to be transferred from an account in the Eastern District of New York, which contained Lottery Victims' funds that were intended to be invested in the purchase of PPE, to be transferred to another bank account controlled by a co-conspirator.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATIONS**

5.  As a result of committing the offense alleged in Count One of this Information, CHRISTOPHER CHIERCHIO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provisions

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code,

Section 2461(c), to seek forfeiture of the any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*[signature]*

DAMIAN WILLIAMS
United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CHRISTOPHER CHIERCHIO,

                Defendant.

**SUPERSEDING INFORMATION**

S3 20 Cr. 306 (NGG)

(18 U.S.C. § 371)

DAMIAN WILLIAMS
United States Attorney.